## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Fordson, Inc., d/b/a America's Best
Value Inn-Dearborn, a Michigan
Corporation,                                    Case No. 18-cv-12110

                              Plaintiff,        Judith E. Levy
                                                United States District Judge
v.

City of Dearborn,

                              Defendant.

_____/

## ORDER OF DISMISSAL WITH PREJUDICE

On July 24, 2020, the Court entered an order to show cause why the

case should not be dismissed for failure to prosecute. For the reasons set

forth below, this case is dismissed with prejudice for failure to prosecute.

### I.   Background

Plaintiff filed this case on July 5, 2018. After a few months of

litigation over Plaintiff's motion for a temporary restraining order and

for a preliminary injunction, the parties informed the Court that the case

was likely to be resolved.

On May 16, 2019, the Court ordered the parties to file periodic joint status reports on their progress toward settlement. (ECF No. 30.) The parties did so for several months, and indicated that they were making good progress toward a resolution. In a status conference November 26, 2019, the parties informed the Court that the matter was likely to settle very soon, so the Court entered an order requiring the parties to submit a proposed stipulated order of dismissal by February 28, 2020. (*See* Minute Entry, November 26, 2019.)

In February 2020, the Court held another status conference, where the parties indicated they wished to facilitate. In May 2020, the Court ordered the parties to file a joint status report regarding their facilitation by July 10, 2020. (*See* Text Only Order, May 18, 2020.) On July 10, 2020, only Defendant filed a status report indicating that the parties engaged in facilitation with retired Judge James Rashid; that building permits for installation of egress windows were issued; and the last step was for Plaintiff to request a final inspection. (ECF No. 44.) If the egress windows passed inspection, Defendants indicated that the property would be eligible for a certificate of occupancy. Defendant's report also indicated

that counsel's attempts to contact counsel for Plaintiff have been unsuccessful. (*Id*.)

On July 14, 2020, the Court ordered counsel for Plaintiff to contact the Court no later than Friday July 17, 2020, to confirm he was still acting as counsel for Plaintiff. (ECF No. 45.) Counsel did not do so.

On July 24, 2020, the Court entered an order to show cause why the case should not be dismissed for failure to prosecute. Plaintiff responded, indicating that counsel inadvertently missed the Court's orders, but that the parties anticipated a resolution. (ECF No. 47.) The show cause order has not been satisfied.

On August 31, 2020, counsel for Defendant notified the Court that a certificate of occupancy was issued for the Plaintiff's property, and that counsel was attempting to obtain a stipulated dismissal from Plaintiff's counsel. On September 23, 2020, counsel for Defendant notified the Court that Plaintiff's counsel had not responded to his two previous communications seeking a stipulated dismissal. The Court e-mailed Plaintiff's counsel regarding the status of the stipulation, and that same day, counsel responded with a request that he needed seven more days

to confer with his clients. Seven days passed with no further communications from Plaintiff.

Plaintiff did not respond to another follow-up e-mail from the Court seeking an update on October 5, 2020. On October 6, 2020, Defendant indicated its willingness to enter into a stipulation, but again indicated it had not received an update from Plaintiff.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 41(b) the Court can dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court...." Fed. R. Civ. P. 41(b). The Court can do so on its own, without prompting from Defendant as part of its tools to manage its own docket. "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir.1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases." *Anthony v.*

*Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir.1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

In determining whether dismissal is warranted, the Court must balance competing interests:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims.... On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir.1993) (citation omitted).

### III.   Analysis

As set forth above, the Court took this case off the typical civil scheduling order track in May 2019 on the premise that the parties were diligently working towards a resolution. While that progressed successfully for a while, that progress has stopped. The case has now been plagued by delay and failure to prosecute. Additionally, it would seem that if Plaintiff received its certificate of occupancy, the underlying dispute that prompted the litigation has been resolved. The Court has given Plaintiff many opportunities to steer the case back on course and

to communicate, but to no avail. Defendant should not be further prejudiced by Plaintiff's failure to pursue its claims.

## IV.    Conclusion

Accordingly, the case is dismissed with prejudice for failure to prosecute under Rule 41(b). A judgment will be entered accordingly.

IT IS SO ORDERED.

Dated: October 29, 2020                    s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2020.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager